# WESTMORELAND COUNTY.

## March Term, 1795.

### JOHN KIRKPATRICK *v.* TURNBULL and MARMIE.

*KIRKPATRICK* brought an action of *indebitatus assumsit*, for 86*l.* 2*s.* 8*d.* for goods fold and delivered. There were counts of *quantum valuerunt*; and *insimul computassent*.

An account settled, 26th *June*, 1793, by the plaintiff and *Mr. Marmie*, and signed by *Marmie*, acknowledging a balance of 50*l.* 2*s.* 8½*d.* and an order of *John Probst*, for 16*cwt.* of iron at 36*l.* also due, was given in evidence.

On which there was a verdict for 95*l.* 8*s.* 7½*d.* the amount of the settled account with interest from the settlement.

By consent, this verdict, which was in absence of the defendant, was set aside; and the cause was tried again, at *June* term, 1795.

*Woods*, for the defendant, objected to one *item* in the settled account, a bill of 100 dollars, drawn by *Peter Marmie*, on his separate credit, on *John Barclay* in *Philadelphia*, and returned protested. One partner can bind the others only in a partnership transaction. We offer to prove, that this order was drawn by *Peter Marmie*, and not by the partnership firm, *Turnbull and Marmie*; and that it was known to be so by the plaintiff, and therefore was not a subject of the settlement of a partnership account.      S 2

*Young*, for the plaintiff, contended, that the account having been settled by the partner, as a partnership account, evidence will not now be received, that any part of it was a separate account. An admission by one is an admission by all.

*Whitcomb v. Whiting, Doug. 652.*

PRESIDENT. The question really is, whether the defendants, as partners, may shew, that the plaintiff took a separate account, known to be such into a partnership settlement; or whether the partner having the separate account, by making a settlement in the partnership name, can conclude the other partners, and make them liable for the separate account. We are clear that the proof is admissible.

Mr. *Young* was then sworn, and proved, that a protested bill, drawn by *Peter Marmie*, on *John Barclay*, was sent up to him, from *Philadelphia*, to get the money from the drawer; that, by the directions of Mr. *Marmie*, he called on Mr. *Kirkpatrick* for the money, who declined payment (as he then considered himself in advance to the company) till some castings should be sent him from the furnace of *Turnbull* and *Marmie*, which *Kirkpatrick* considered as the fund out of which he was to advance the money; and that *Kirkpatrick* afterwards paid the money.

PRESIDENT. The settlement is, *prima facie*, evidence of the balance being due by the company to the plaintiff. But it is not always conclusive; and the other partners may shew, that the plaintiff has taken a separate account of the settling partner into the settlement.

If *Kirkpatrick* advanced this sum of 100 dollars to Mr. *Young*, in payment of *Marmie's* debt, on the credit of *Marmie* alone; it cannot be received as an *item* in the partnership account, and must be struck out of the balance. For the plaintiff and the settling partner have no right to make the company pay the settling partner's debts.

But if *Kirkpatrick* paid this sum of 100 dollars, by the directions of *Marmie*, an acting partner of the company, as a payment for castings received from the company; it is a payment to the company. For they entrusted *Marmie* with the sale of the castings, and the receipt and application of the money arising from such sale.

The jury found for the plaintiff, as before, for the amount of the fettled balance, with intereft.